IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DANIEL REEVES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-236 |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 8.) The Magistrate Judge recommended dismissal of the case due to lack of federal subject-matter jurisdiction. (Doc. no. 6.)

Nothing in Plaintiff's filing, styled as "Motion for Reconsideration, Notice of Appeal, and Preservation of Appellate Rights" and entered on the docket in triplicate, changes the Magistrate Judge's analysis that Plaintiff's case should be dismissed due to lack of federal subject-matter jurisdiction. (Doc. nos. 8, 9, 10.) Much of the filing merely reiterates the same arguments presented in his original complaint;[1] however, the Court will address a few points.

As an initial matter, because Plaintiff is *pro se*, the Court liberally construes Plaintiff's filing as objections to the Report and Recommendation. See United States v. Russell, 994 F.3d

---

[1] Plaintiff's filing expresses concern that "Plaintiff's exhibits were properly submitted but may have been misinterpreted due to complexity . . . ." (Doc. no. 8, p. 1.) The Court reassures Plaintiff the Magistrate Judge's recommendation to dismiss his complaint was not due to the complaint's complexity.

1230, 1240 & n.9 (11th Cir. 2021) (recognizing Court's obligation to "look beyond the label of a *pro se* [litigant's] motion to determine if it is cognizable under a different statutory framework: and, if so, recharacterize the motion based on the substance of the filing and the relief sought" (internal citations and quotation marks omitted).) Thus, the Court **DIRECTS** the **CLERK** to **TERMINATE** the motion associated with Plaintiff's purported "motion for reconsideration", (doc. no. 9), as this filing is properly considered objections to the Report and Recommendation.

Second, Plaintiff sought to appeal the Magistrate Judge's Report and Recommendation "[i]n the alternative . . . should reconsideration be denied[.]" (Doc. no. 8, pp. 1.) As noted in the Court's November 5, 2025 Order, the Report and Recommendation of the Magistrate Judge is not a final judgment which Plaintiff can properly appeal. (See doc. no. 7.) Plaintiff's appeal to the Eleventh Circuit, (see doc. nos. 10, 11, 12), regarding the recommendation of dismissal does not divest this Court of jurisdiction to proceed.[2]

Third, Plaintiff's filing also suggests a desire to amend his complaint. (Doc. no. 9, p. 3.) To the extent Plaintiff's filing could be construed as a motion to amend, that request fails because he may not amend a complaint in a piecemeal manner by submitting separate filings which purport to add or change only certain portions of a prior pleading. See Holland v. Burnette, CV 308-090, 2009 WL 1579507, at *1 (S.D. Ga. June 3, 2009). Nonetheless, even

---

[2]Although filing a notice of appeal generally divests a district court of jurisdiction over those issues involved in the appeal, "a notice of appeal filed with respect to a non-appealable order does not have any effect on the district court's jurisdiction." United States v. Riolo, 398 F. App'x 568, 571 (11th Cir. 2010) (*per curiam*) (citation omitted). The recommendation for dismissal by the Magistrate Judge is not an appealable order. See Young v. Ward, Civ. Act. No. 321-008, 2021 WL 2295586, at *1 (S.D. Ga. June 4, 2021); Garcia v. JP Morgan Chase, No. 1:11-CV-2149-AT-2012 WL 13008803, at *1 (N.D. Ga. Mar. 9, 2010).

considering the merits of Plaintiff's proposed amendments, Plaintiff's request to amend fails for the reasons described below.

Although leave to amend under Fed. R. Civ. P. 15(a) is generally given freely, Foman v. Davis, 371 U.S. 178, 182 (1962), leave is not guaranteed, and a trial court may deny such leave "in the exercise of its inherent power to manage the conduct of litigation before it." Reese v. Herbert, 527 F.3d 1253, 1263 (11th Cir. 2008). "In making this determination, a court should consider whether there has been undue delay in filing, bad faith or dilatory motives, prejudice to the opposing parties, and the futility of the amendment." Saewitz v. Lexington Ins. Co., 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*) (quoting Foman, 371 U.S. at 182). An amendment is futile when the pleading it seeks to amend would still be subject to dismissal if the amendment were permitted. See Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (*per curiam*) ("A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (*per curiam*))).

Here, upon consideration of his proposed amendment, allowing Plaintiff leave to amend his complaint to include the denial of a Veterans Administration ("VA") Loan, would be futile because the Court lacks subject matter jurisdiction over claims for which the core issue is denial of VA benefits. The Eleventh Circuit has consistently held, "under the statutory scheme established by the [Veterans' Judicial Review Act], a veterans' entitlement to benefits can be reviewed only by appeal to the Board of Veterans Appeals, then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals, and the Supreme Court." Smith v. United States, 7 F.4th 963, 976 (11th Cir. 2021) (cleaned up) (citing Hall v. U.S. Dep't Veterans' Affs., 85 F.3d 532, 534 (11th Cir. 1996)).

Further, although portions of Plaintiff's meandering, 134-page filing attempt to establish a constitutional basis for his claims regarding VA benefits decisions, this is unavailing. (See, e.g., doc. no. 8, pp. 6-7, 12-13.) "[T]he courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms." Sugrue v. Derwinski, 26 F.3d 8, 11 (2d Cir. 1994). District courts have jurisdiction for facial constitutional challenges to statutes governing veterans' benefits, but not the interpretation or application of those statutes. See Hall, 85 F.3d at 533-34. Here, Plaintiff's claims regarding VA benefits are clearly on an as-applied basis, rather than challenging the underlying statutes. (See, e.g., doc. no. 8, pp. 6-7, 12-13.) As Plaintiff's claims regarding denial of VA benefits would not provide this Court subject-matter jurisdiction, the complaint as amended would be subject to dismissal. Thus, his amendment is futile, and the Court denies him leave to amend.

Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **DISMISSES** this case based on lack of federal subject-matter jurisdiction, **DISMISSES WITHOUT PREJUDICE** any potential state law claims, and **CLOSES** this civil action. Because this case is dismissed, Plaintiff's pending motions for service of process and for temporary restraining order and preliminary injunction are **DENIED** as **MOOT**. (Doc. nos. 3, 4.)

SO ORDERED this 17th day of December, 2025, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA